UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DENTRELL BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-857-GSL-JEM |
| COUNTY OF ELKHART, et al., | |
| Defendants. | |

## OPINION AND ORDER

Dentrell Brown, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Brown alleges that, in February 2009, he was convicted of murder in *State v. Brown*, 20C01-0806-MR-2 (Elkhart Cir. Court filed June 18, 2008), and he received a sentence of 55 years incarceration.[1] In 2020, a federal court granted him

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

habeas relief in connection with this conviction.[2] According to the complaint, the Elkhart Circuit Court set a trial date for October 2021 but improperly reinstated the murder conviction without a hearing or trial. Though defense counsel agreed to this arrangement, Brown instructed him not to do so. According to the electronic docket for the State courts, the Elkhart Circuit Court ordered the reinstatement on September 23, 2021, in tandem with an order releasing Brown from custody.[3] He maintains that he is wrongfully convicted and asks the court to vacate his murder conviction a second time and for monetary damages from the trial judge, prosecutor, defense counsel, and Elkhart County.

"[A]rguments attacking the validity of a conviction cannot be advanced under § 1983 unless the conviction or sentence previously has been invalidated." *Polzin v. Gage*, 636 F.3d 834, 836 (7th Cir. 2011)  (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Brown's murder conviction "previously has been invalidated" in the literal sense, but the *Heck* bar excuses only convictions that remain invalidated pursuant to an official governmental determination, including direct appeal, habeas review, or pardons.[4] *See Heck*, 512 U.S. at 487 ("[T]he hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983

---

[2] The United States District Court of the Southern District of Indiana entered this habeas order in *Brown v. Brown*, 1:13-cv-1981 (S.D. Ind. filed Dec. 16, 2013).

[3] However, Brown is incarcerated at this time due to his April 2024 conviction for an unrelated crime in *State v. Brown*, 20C01-2204-F1-6 (Elkhart Cir. Ct. filed Apr. 20, 2022).

[4] Further, the murder convictions in 2009 and 2021 might be more appropriately characterized as separate convictions. *See generally Magwood v. Patterson*, 561 U.S. 320 (2010) (finding that a resentencing hearing resulted in a "new judgment" for purposes of federal habeas review).

damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement"); *id.* at 489 ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 *unless* and until the conviction or sentence *is* reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.") (emphasis added). Further, this bar applies even though Brown is no longer serving the sentence for his murder conviction. *Savory v. Cannon*, 947 F.3d 409, 424 (7th Cir. 2020) ("[T]he favorable termination rule of *Heck* also applied to persons no longer in custody . . . "). Because Brown's murder conviction no longer remains invalid pursuant to a governmental determination, the *Heck* doctrine applies to his claim. A favorable judgment for Brown on the allegations in the complaint would necessarily undermine the validity of his murder conviction. Therefore, Brown may not proceed on this complaint.

In sum, the complaint does not plausibly state a claim upon which relief may be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 15, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT