UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DENTRELL BROWN,

    Plaintiff,

    v.

COUNTY OF ELKHART, et al.,

    Defendants.

CAUSE NO. 3:25-CV-857-GSL-JEM

OPINION AND ORDER

Dentrell Brown, a prisoner without a lawyer, filed a motion to reconsider the order dismissing this case. ECF 10. Given the timing and substance of the motion, the court will construe it as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[1] "Rule 60 authorizes the court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that

---

[1] Though Brown submitted to prison officials this motion for filing on October 22, 2025, the court did not receive this motion until February 13, 2026, when it was forwarded from another court. It seems unlikely that the prison mailbox rule applies under these circumstances because it appears that Brown asked prison officials to send the motion to the wrong court.. Nevertheless, the outcome of this motion would be the same under either rule.

could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

On October 3, 2025, Brown filed a complaint in the United States District Court for the Southern District of Indiana, asserting that the Elkhart Circuit Court wrongfully reinstated his conviction. ECF 1. On October 6, 2025, the Southern District of Indiana transferred the case to this court, finding that venue was proper because the defendants and the purported wrongful reinstatement occurred within the geographic boundaries of the Northern District of Indiana. ECF 6. On October 15, 2025, this court entered an order dismissing the complaint pursuant to 28 U.S.C. § 1915A. ECF 10. The court determined that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred Brown from challenging his conviction. *Id.*

In the motion to reconsider, Brown attempts to distinguish his claim from *Heck* by noting that he had exhausted his State court remedies and pursued a federal habeas petition in connection with this conviction. However, whether a prisoner has exhausted State court remedies with respect to a conviction is an entirely separate question from whether a prisoner may challenge an extant conviction in a Section 1983 case. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). Brown also cites *Savory v. Cannon*, 947 F.3d 409, 427 (7th Cir. 2020), for the proposition that "*Heck* does not bar a suit by a plaintiff who is no

2

longer in custody but who pursued a collateral attack through appropriate channels while he was in custody, even if such efforts were unavailing." While it is true that the Seventh Circuit wrote these words, the Seventh Circuit attributed them to a prior decision and then stated, "That reasoning does not survive our decision today." *Id.* Additionally, Brown argues that the *Heck* bar does not apply because, prior to its reinstatement, his conviction was terminated in his favor pursuant to federal habeas proceedings. The court discussed whether the *Heck* bar applied under these circumstances in the dismissal order and declines to revisit the topic here. Therefore, the court declines reconsider the ruling that the *Heck* doctrine bars Brown from challenging his conviction.

In the same motion, Brown asks for this case to remain in the Southern District of Indiana, arguing that he did not consent to a transfer to this court and that "there is a judge who was an Elkhart County Prosecutor at the time of the invalid conviction." It is unclear why Brown's consent would be required to transfer the case to this court given that this court is the proper venue for the case pursuant to 28 U.S.C. § 1391(b). Based on that same statute, the facts that the defendants reside and participated in the relevant events within the Northern District of Indiana are the precise reason why venue is proper here. To the extent that Brown seeks a transfer to the Southern District of Indiana as a matter of convenience pursuant to 28 U.S.C. § 1404, the court declines to do so in a closed case or without the consent of the opposing parties. Therefore, the court declines to transfer this case to the Southern District of Indiana.

For these reasons, the court DENIES the motion to reconsider (ECF 14).

SO ORDERED on February 17, 2026

> /s/Gretchen S. Lund
> JUDGE
> UNITED STATES DISTRICT COURT